IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| MICHAEL MCCAFFREY, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. |
| TROW AND HOLDEN, CO. INC, | ) ) | |
| Defendant | ) ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Michael McCaffrey, by and through his undersigned counsel, Parnell, Michels & McKay, PLLC, as and for his respective claims against Trow & Holden, Co., Inc. (hereinafter "Trow & Holden"), hereby alleges:

**PRELIMINARY STATEMENT**

1.  This is a product liability lawsuit. Plaintiff was injured when a piece of metal broke off of a metal hammer axe that was manufactured by the Defendant, Trow & Holden. As noted below, Trow & Holden's metal hammer axe had a manufacturing defect that caused it to splinter, and the metal splinter entered Plaintiff's eye causing serious and debilitating injuries. Moreover, Trow & Holden negligently constructed the hammer axe, and failed to properly warn Plaintiff that the metal hammer axe would splinter using it on basic masonry items.

1

## JURISDICTION

2. This Court has Diversity Jurisdiction pursuant to 28 USC § 1332, as Mr. McCaffrey is a citizen of the State of New Hampshire, Trow & Holden are incorporated in Vermont, and at present Mr. McCaffrey has already incurred $188,975.89 in medical bills to date and has a permanent injury to his eye.

3. The Plaintiff requests that this Court exercise supplemental jurisdiction over the State Court causes of action named herein as they arise from the common nucleus of operative facts. 28 USC § 1367.

## VENUE

4. Venue is proper in the United States District Court for the District of New Hampshire pursuant to 28 USC §1391(b) and (c) as the Plaintiff resides in New Hampshire, the injury occurred in New Hampshire, and the core nucleus of operative facts occurred within this venue.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each of the causes of action.

## PARTIES

6. Defendant, Trow & Holden Co., Inc., is a Vermont corporation, with a principal address of 45 South Main Street, Town of Barre, State of Vermont, and has a mailing address of 45 South Main Street, Town of Barre, State of Vermont, 05641.

7. Plaintiff, Michael McCaffrey, and he lives 323 East Sandown Road, Hampstead, New Hampshire 03826. He is a citizen and resident of New Hampshire.

**STATEMENT OF FACTS**

8. Defendant, Trow & Holden, is a Vermont corporation that advertises themselves as a "leader of stonecutting and masonry tools" on their website. They design, manufacture and produce specialized tools for stone cutting used by masons.

9. Plaintiff, Michael McCaffrey, works as a mason for McCaffrey Stoneworks.

10. Plaintiff, through his employer, McCaffrey Stoneworks, purchased a metal "hammer" from Trow & Holden to assist with his position as a mason.

11. Plaintiff and his employer purchased the hammer from Trow & Holden because of their reputation for high quality, reliability, and their specialization in stone working tools.

12. Plaintiff worked as a mason and routinely used tools to help shape, cut and otherwise alter various stones as part of his job.

13. At all times relevant, Plaintiff was in the exercise of reasonable care.

14. Plaintiff was provided a quartz rock, and was tasked with splitting it to assist with the process of constructing a rock chimney.

15. The metal hammer provided by Trow & Holden did not come with any warning labels, either on the packaging, or inside the packaging. There were also no warnings on the metal hammer itself.

16. As he had been trained to do, Plaintiff began the process of splitting the quartz.

17. As Plaintiff was splitting the quartz, a piece of metal on the hammer splintered off and flew into his right eye.

18. Plaintiff at first thought it may have been a piece of the quartz rock, and he was rushed to Parkland Medical Center.

19. Due to the severity of his injury, Plaintiff was transported to Massachusetts Eye &

Ear to provide additional treatment.

20.     There Plaintiff had imaging performed, including a CT Scan, that revealed the object that injured his eye was made of metal.

21.     Plaintiff had the metal hammer secured immediately, and stored.

22.     Plaintiff's employer also ordered a new hammer from Trow & Holden. When asked why a new one was being ordered, Plaintiff's employer indicated a piece of metal had shorn off working on the quartz. Defendant responded that the metal of the axe should not have done that.

23.     Both the Plaintiff and Defendant then engaged their own expert, and hired a lab to conduct controlled testing on the hammer. The parties agreed to have the hammer in question tested at Sturbridge Metallurgical Services, Inc. in Sturbridge, Massachusetts while both parties' experts observed.

24.     As a result of this testing, Plaintiff confirmed that the metal hammer suffered from a manufacturing defect called "laminations", and that those laminations were located at the exact point of where the hammer splintered.

25.     Based on this testing, this confirmed the metal hammer was not manufactured properly, and as a result of the laminations, splintered causing a severe injury to Plaintiff's right eye.

26.     There was no warning on the package sent to Plaintiff and his employer warning them the metal axe would splinter when used on quartz or other stone.

27.     Plaintiff was using the metal axe in the expected and usual manner

28.     There was no warning on the hammer itself that was sent to the Plaintiff and his

employer warning them the metal axe would splinter when used on quartz or other stone.

29. There was no warning of any kind provided by the Defendant to the Plaintiff or his employer that the metal axe would or could splinter when used on quartz or other stone.

30. Based on a review of the packaging, there were no warnings of any kind provided by the Defendant to the Plaintiff or his employer warning them of any potential dangers of any kind whatsoever.

31. Accordingly, when Plaintiff used the hammer on the quartz, the hammer splintered at the lamination point, and a metal object entered and is still presently lodged in Plaintiff's right eye.

32. Plaintiff has also been told by medical professionals that the piece of metal cannot be removed, and likely will remain in his eye for the rest of his life.

33. Plaintiff has suffered permanent, serious and debilitating injuries as a result of his injuries.

34. Plaintiff has suffered pain and suffering, including emotional damages, as a result of his injuries.

35. As a direct and proximate cause of the actions or inactions of the Defendants, Mr. McCaffrey has suffered significant and ongoing damages, including $188,975.00 in medical bills and said medical bills continue to accrue

### **COUNT I: STRICT LIABILITY – MANUFACTURING DEFECT**

36. Plaintiff re-alleges and incorporates by reference the allegations of facts contained in every preceding paragraph.

5

37. Defendant, Trow & Holden, at all times relevant are the sole designer, manufacturer, and producer of Trow & Holden stone masonry tools and/or other items.

38. Defendant solely manufactured the metal hammer in question.

39. During the course of manufacturing the hammer at issue in this case, a manufacturing defect occurred.

40. Specifically, the laminations in the axe constituted a defective condition which was unreasonably dangerous to the Plaintiff.

41. Based on information and belief, said laminations existed at the time of purchase, unbeknownst to Plaintiff.

42. This manufacturing defect is the proximate and/or direct cause of serious and debilitating injuries to the Plaintiff.

43. Accordingly, Defendant is strictly liable for Plaintiff's injuries.

## COUNT II: STRICT LIABILITY - WARNING DEFECT

44. Plaintiff re-allege and incorporate by reference the allegations of facts contained inevery preceding paragraph.

45. Defendant, Trow & Holden, at all times relevant are the sole designers, manufacturers, and producers of Trow & Holden stone masonry tools and/or other items.

46. Defendant, based on information and belief, is also solely responsible for creating, preparing and attaching or providing warning labels on any of their products.

47. There were no warning labels affixed or attached to the metal hammer.

48. Based on information and belief, there were no warning labels affixed or attached to the metal hammer packaging when received by Plaintiff's employer.

49. Based on information and belief, there were no warning labels included in the packaging the metal hammer was shipped in.

50. There were no warnings provided by the Defendant that the metal may splinter when used on rock or quartz.

51. There were no warnings provided by the Defendant in any form whatsoever that the metal of the hammer would splinter.

52. There were no warnings provided by the Defendant regarding equipment to use to protect the user from metal from the hammer or other debris.

53. As a result, this warning defect was the proximate and/or direct cause of serious and debilitating injuries to the Plaintiff.

54. Accordingly, Defendant is strictly liable for Plaintiff's injuries.

## COUNT III: NEGLIGENCE

55. Plaintiff re-alleges and incorporate by reference the allegations of facts contained in every preceding paragraph.

56. Defendant, Trow & Holden, negligently manufactured the hammer in question.

57. Defendant, Trow & Holden, negligently failed to provide an adequate warning to the Plaintiff that use of the Hammer could cause the metal to splinter.

58. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered severe and debilitating injuries.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court grant the following relief against the Defendant:

A.  Schedule a trial by jury;

B.  Enter a judgment in favor of Plaintiff awarding any and all relief available under law to the maximum extent allowed by common law, state and federal statutes, and the Constitutions of New Hampshire and the United States of America, including but not limited to the following:

    1.  Compensatory damages;

    2.  Enhanced Compensatory damages;

    3.  Punitive damages;

    4.  Reasonable costs, interest and attorneys' fees; and,

C.  Award any and all other relief that may be just, necessary and appropriate.

Respectfully submitted,
Michael McCaffrey
By his attorneys,
PARNELL, MICHELS, & MCKAY, PLLC.

Dated: January 24, 2023

By:*/s/* Rory J. Parnell (#20666)
25 Nashua Road, Suite C5
Londonderry, NH 03053
(603) 434-6331
*rparnell@pmmlawyers.com*